IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON THOMAS,                     ) | No. CR-F-98-5022 OWW |
|                                    ) | (No. CV-F-07-009 OWW) |
|                                    ) | |
|                                    ) | ORDER DISMISSING MOTION FOR |
|             Petitioner,            ) | WRIT OF HABEAS CORPUS |
|                                    ) | PURSUANT TO 28 U.S.C. § 2255 |
|        vs.                         ) | FOR LACK OF JURISDICTION |
|                                    ) | |
| UNITED STATES OF AMERICA,          ) | |
|                                    ) | |
|             Respondent.            ) | |

Wilson Thomas, a federal prisoner presently incarcerated at F.C.I. in Sheridan, Oregon and who is proceeding *in pro per*, has filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2255. By this motion, Petitioner requests that "this court correct his sentence under the current set of facts this petitioner has no other option but to have the trial court Judge enforce a California State Court Judge's order to have both sentences as imposed run concurrent and were not, because of an ongoing government impediment" and seeks a "new Judgment and Commitment that would allow for the time that the U.S.M.S. has

1

inadvertently errored [sic] by failing to properly obey this District Judge's order to have and maintain a federal detainer on him at all times even though the BOP loaned him out at the State Court Judge's order" and "for this court to give COMITY to the State's order to run the State sentence concurrent ...."

On March 28, 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Oregon, No. CV-06-421-PA.[1]  In opposing that motion, the BOP submitted the Declaration of BOP employee Theresa T. Talplacido.  Petitioner submits a copy of Ms. Taplacido's declaration in support of the instant  Section 2255 motion, wherein Ms. Talplacido avers in pertinent part:

> 2.  On March 24, 1995, Petitioner was sentenced to three (3) years probation and 365 days in jail for Sale and Transportation of a Controlled Substance, in the San Bernardino, Superior Court, Case Number FBA-00052 ....
>
> 3.  On February 3, 1998, Petitioner was arrested by the Fresno Police Department on a probation violation from the County of San Bernardino, California, Case Number FBA-00052 ....
>
> 4.  On February 6, 1998, Petitioner was found in violation of probation and he was transferred to the custody of West Valley Central Jail, in San Bernardino, California ....
>
> 5.  On April 24, 1998, the U.S.M.S. from the Eastern District of California issued a Writ Ad Prosequedum for Petitioner to appear in federal court for among other things,

---

[1]According to the PACER docket, Petitioner's Section 2241 motion remains under submission in the District of Oregon.

2

Conspiracy to Distribute and to Possess Cocaine with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846 and 841(a)(1), and Carrying a Firearm in Relation to a Drug-Trafficking Crime, in violation of 18 U.S.C. § 924(c) ....

6.  On February 1, 1999, Petitioner was sentenced by the Honorable Judge Wanger, in the Eastern District of California for Conspiracy to Distribute and to Possess Cocaine with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846 and 841(a)(1), for a 120 month sentence with a 60 month supervision, and Carrying a Firearm in Relation to a Drug-Trafficking Crime, in violation of 18 U.S.C. § 924(c) for a 60 month sentence with a 60 month supervision as consecutive to each federal sentence ....

7.  Petitioner remained in the custody of Fresno County Jail from April 28, 1998 to February 17, 1999 ....

8.  Petitioner was transferred to another state facility, Kern County Jail from February 17, 1999, to February 26, 1999 and then to San Bernardino County Jail ....

9.  On April 2, 1999, Petitioner was sentenced by the State of California for violation of probation on Case Number FBA-00052, to three (3) years to run concurrent with federal sentence ....

10.  On May 19, 1999, Petitioner was transferred to California Department of Corrections (CDC), to Chino Prison, in Chino, California.  He was paroled and released to the street on January 26, 2001, even though he had a federal detainer.  The U.S.M.S. was notified and Petitioner was ordered detained for service of his federal sentence ....

11.  On April 2, 2001, Petitioner was re-arrested by the U.S.M.S. and his federal sentence commenced.  His sentence computation was verified by BOP on many occasions.  His federal sentence was calculated and aggregated to a 180 months sentence with 60

3

|   |   |
|---|---|
| 1 | month supervision.  He was given a projected |
| 2 | release date of on or about May 8, 2014 via Good Conduct Time Release. |
| 3 | 12.  On September 14, 2004, he arrived at FCI Sheridan. |

In the instant motion, Petitioner asserts that "[a]fter starting his federal sentence, the State then came and retrieved Mr. Thomas from Lompoc F.C.I. and took him to custody to adjudicate a warrant ... whereupon the State Court Judge ordered his 3 year state sentence to be run concurrent with his federal sentence, and the Marshalls [sic] were at the completion of the state sentence hearing to come and pick Mr. Thomas up and return him to Lompoc F.C.I., that did not occur."  Petitioner further asserts that "the Marshalls [sic] not only failed to retrieve him they did not properly place a federal detainer on [him], and the State of California, placed him in Chino Prison."  After Petitioner was paroled by the State and released, "the U.S.M.S. was notified and they rearrested [Petitioner] on April 2, 2001, and he was returned to BOP custody without giving comity under the United States Constitution to the State Court Judges order of the time that by an error of the U.S.M.S. who was commanded by the federal court Judge, Judge Wanger, to serve his federal sentence."  Petitioner contends:

> This petitioner would not have been able to do anything but to request the U.S.M.S. to do it's duty and retrieve this petitioner by monitoring the proceedings and picking this petitioner up upon completion of his state hearing.  see Title 28 U.S.C. § 566(a).  The primary role and mission of the United States Marshals Service to provide for the security

4

> and to obey, execute, and enforce all orders of the United States District Courts and Judge Wanger ordered Mr. Thomas to remain detained, by lodging a detainer and keeping track thereof of his body, and to maintain control of Mr. Thomas even to the extent that he was required to be retrieved <u>and was not</u>, after the State Court had ordered his sentence to run concurrent. Which now has created an impediment to which he is paying for by the tune of approximately 1095 days of uncredited jail time, that BOP has no authority, nor does the Warden of this facility to adjust the Judgment and Commitment or to correct the unlawful acts which has caused his sentence to be unconstitutionally lengthened.

The threshold issue is whether this court has jurisdiction under Section 2255 to issue the petition for writ of habeas corpus requested by Petitioner. *See Hernandez v. Campbell*, 204 F.3d 861, 864-865 (9th Cir.2000).

Generally, motions to contest the legality of a sentence must be filed under Section 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to Section 2241 in the custodial court. *Doganiere v. United States*, 914 F.2d 165, 169-170 (9th Cir.1990); *United States v. Giddings*, 740 F.2d 770, 771-772 (9th Cir.1984); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir.1980).

Here, Petitioner challenges the failure of the BOP to credit his federal sentence with the time served on his state sentence in state prison because of the alleged failure by the U.S. Marshals Service to return him to federal prison after the state court imposed sentence to run concurrent with the federal

1  sentence.

2      28 U.S.C. § 2255 provides in pertinent part:

3          A prisoner in custody under sentence of a
           court established by Act of Congress claiming
4          the right to be released upon the ground that
           the sentence was imposed in violation of the
5          Constitution or laws of the United States, or
           that the court was without jurisdiction to
6          impose such sentence, or that the sentence
           was in excess of the maximum authorized by
7          law, or is otherwise subject to collateral
           attack, may move the court which imposed the
8          sentence to vacate, set aside or correct the
           sentence.
9
       In contending that this motion is properly brought pursuant
10
   to Section 2255, Petitioner cites to Article IV, Section 1 of the
11
   United States Constitution:
12
           Full Faith and Credit shall be given in each
13         State to the public Acts, Records, and
           Judicial Proceedings of every other State.
14         And the Congress may by general Laws
           prescribe the Manner in which such Acts,
15         Records and Proceedings shall be proved, and
           the Effect thereof.
16
   Petitioner also refers to Section 2255 as follows:
17
           A 1-year period of limitation shall apply to
18         a motion under this section.  The limitation
           period shall run from the latest of -
19
           ...
20
               (2) the date on which the
21         impediment to making a motion created by
           governmental action in violation of the
22         Constitution or laws of the United States is
           removed, if the movant was prevented from
23         making a motion by such governmental action
           ....
24
       Neither of these provisions confer jurisdiction on this
25
   court to consider Petitioner's Section 2255 motion.  The court
26

                                    6

concludes that this court does not have jurisdiction to hear Petitioner's motion.  As noted, Petitioner seeks a "new Judgment and Commitment that would allow for the time that the U.S.M.S. has inadvertently errored [sic] by failing to properly obey this District Judge's order to have and maintain a federal detainer on him at all times even though the BOP loaned him out at the State Court Judge's order" and "for this court to give COMITY to the State's order to run the State sentence concurrent ...." Petitioner makes no claim that the federal sentence imposed on him was illegal or that this court lacked jurisdiction to impose the sentence.  Petitioner makes no showing that this court intended that his federal sentence run concurrent with any state sentence that might be imposed by the state court.  Petitioner's claim relates solely to the execution of the federal sentence imposed.  Petitioner must seek this relief pursuant to 28 U.S.C. § 2241 in the district court for the district in which Petitioner is incarcerated, i.e., the United States District Court for the District of Oregon.

ACCORDINGLY, as set forth herein,

Petitioner's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   February 8, 2007**              /s/ Oliver W. Wanger
668554                                      UNITED STATES DISTRICT JUDGE

7